MARTHA STEED ALLEMAN,

*Plaintiff and Appellant,*

vs.

DAVID BRAINARD ALLEMAN,

*Defendant and Respondent.*

(No. 2807; January 7th, 1958; 319 Pac. (2d) 871)

136

For the plaintiff and appellant, the cause was submitted upon the brief of Mr. Charles R. Richey of Washington, D. C., and Mr. J. Edward Amschel of Jackson, Wyoming.

For the defendant and respondent, the cause was submitted upon the brief of Mr. George L. Barnard of Albaugh, Bloem, Barnard & Smith of Idaho Falls, Idaho, and Mr. Clarence W. Cook of Evanston, Wyoming.

Heard before Blume, C.J. and Harnsberger and Parker, JJ.

138

## OPINION.

Mr. Justice HARNSBERGER delivered the opinion of this court.

In this action, plaintiff sought modification of a decree divorcing her from defendant without making provision for property settlement and asked that such a provision be made. The decree was granted September 16, 1948. She bases her suit upon allegations "That Defendant wilfully and wrongfully and with intent to cheat and defraud Plaintiff, caused the Plaintiff to file said divorce proceeding in said Court on the 18th day of August, 1948, and wilfully, wrongfully and falsely promised Plaintiff that he would make with Plaintiff a reasonable and proper Property Settlement, provide for the support of Plaintiff, and transfer to Plaintiff about one-half of the property owned by said parties, and pay Plaintiff $200.00 per month, if Plaintiff would not make it impossible to obtain said divorce; and that if Plaintiff would proceed and secure the same, he would advance money for these purposes", and plaintiff charged the defendant breached the purported agreement.

Defendant demurred but was overruled. Defendant was the successful party and this ruling was not challenged; but we, nevertheless, feel that the matter

should not be passed without comment. It is extremely doubtful that a cause of action was pleaded as there was absent any allegation that defendant misrepresented a past or existing fact. 37 C.J.S. Fraud § 11, p. 231. Nor did the plaintiff aver that defendant made his purported promise with a present intention not to perform the same. 37 C.J.S. Fraud § 12, pp. 237-240.

Following the ruling on the demurrer, defendant answered that plaintiff of her own free will consulted her attorney in respect to the institution of a divorce action; that the parties entered into an oral agreement for settlement of their property rights providing that defendant would pay plaintiff in monthly installments of $200 each the approximate sum of $10,000 and that defendant had complied with the agreement. The case proceeded to trial, after which the court dismissed plaintiff's action, making the following findings:

1. That the parties were divorced September 16, 1948;

2. That at or about the time of filing the divorce petition the parties orally agreed upon the settlement of their property affairs, which fact was alleged in the plaintiff's petition for divorce, and, in consequence thereof, the court made no provision in the decree for property settlement or any allowance to plaintiff of alimony, support or otherwise;

3. That plaintiff is a well-educated woman, a college graduate, aware of her right to have the oral agreement reduced to writing and incorporated in the divorce decree, and that failure to so incorporate the agreement was not due to any fraud perpetrated on plaintiff by defendant;

4. That since entry of the divorce decree, defendant has paid plaintiff under the agreement between $11,000 and $12,000;

5. That the properties owned by the parties at the time of divorce were an equity in a dwelling house, sold shortly after the decree for $15,000, and a partnership interest in a ranch, similarly sold for $5,750; that plaintiff knew of these properties being sold, but asserted no claim and took no action to recover any such proceeds until the present action filed July 17, 1953;

6. That plaintiff is employed at $200 per month salary and $120 per month subsistence;

7. That defendant is now married again and has a wife and four children dependent upon him;

8. That plaintiff is not entitled to any other relief prayed for in her amended petition, and the defendant is entitled to the order of this court that the plaintiff's amended petition be in all things dismissed. The court then dismissed the action.

From these findings and order of the court, the plaintiff appeals, making specification that the court erred in finding there was no fraud practiced by the defendant on the plaintiff and in its findings relative to the properties which were owned by the parties at the time of the divorce; that the judgment was not supported by and was contrary to the evidence and that the court made erroneous rulings (a) in its refusal to permit plaintiff to testify relative to defendant's financial condition as of the time of the divorce, and (b) in its refusal to require the defendant's attorney to produce certain letters. Error was also claimed because of the

court's failure to assess an amount of recovery. An additional specification of error represented there had been accident, surprise and violation of attorney's agreement to produce certain letters and that there were other unspecified errors.

It is sufficient to dispose of several of these claims by saying that unspecified errors will not be considered by this court; that the claim of accident, surprise and violation of attorney's agreement to produce letters is entirely unsupported by the record; that in view of the order of dismissal it was unnecessary and improper to assess any amount of recovery; that the record discloses the court did permit the plaintiff to testify relative to defendant's financial condition as of the time of the granting of the divorce; that the record does not show the relevancy or materiality of the letters, the production of which was sought, and their production was properly refused.

The balance of the claimed errors require at least a brief summary of the evidence which tended to support the court's findings and order. This evidence was that at plaintiff's suggestion defendant called upon an attorney and inquired about Wyoming divorce laws. Thereafter the parties went to the attorney's office, and he was employed by plaintiff to institute a divorce proceeding in her behalf. The attorney asked the parties about a property settlement and both assured him they had made their property agreement themselves and that it was entirely satisfactory. When he was alone with the plaintiff the attorney again inquired about such a settlement, and asked if she was satisfied. He mentioned that it was customary to put the agreement in the divorce papers, but plaintiff told him she had confidence in defendant and that he would do as he promised. A witness for plaintiff testified

that before the decree was granted the judge inquired of plaintiff about the property settlement agreement and if it was satisfactory to her. The plaintiff replied that it was. Testifying in his own behalf, defendant said the parties had made oral agreement that plaintiff was to get half of the estate—half of what they owned; that at the time of divorce their properties consisted of a house, from the sale of which he received $15,000 net, and an interest in a ranch for which he received $5,750 and that since the divorce he paid the plaintiff between $11,000 and $12,000. His testimony as to the amounts of these payments was substantially corroborated by the introduction in evidence of cancelled checks, as well as by testimony of plaintiff given under cross-examination.

In the face of this record, it is indeed difficult to understand what prompted the appeal in this case. The judgment of the lower court is affirmed.

Affirmed.